IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, )
　 )
　　　　Plaintiff, )
　 )
v. )　　CASE NO. 2:25-CV-70-ECM-KFP
　 )
STEVEN CLAYTON THOMASON, )
　 )
　　　　Defendant. )

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on a "Motion for Prior Written Approval; Motion for Leave to File Pursuant to Court Order." Doc. 12. Steven Clayton Thomason requests permission to file his quiet title complaint following the Court's declaration that he is a vexatious litigant, which resulted in the Court enjoining him from "filing in this Court, or removing to this Court, any suit against Deutsche Bank[1] or other individuals and/or entities with whom Thomason claims to be aggrieved pertaining to the real property, its mortgage, and/or its foreclosure . . . without first obtaining the prior written approval of a Magistrate Judge of this Court[.]" *Deutsche Bank Nat'l Tr. Co. v. Thomason*, 2:25-cv-70-ECM-KFP (Doc. 43); *see also Thomason v. Deutsche Bank Nat'l Tr. Co.*, 2:22-cv-52-ECM-SMD (Doc. 22).[2] The proposed quiet title complaint would constitute his ninth civil action related to property in Montgomery, Alabama; the prior eight cases are listed below:

---

[1] Deutsche Bank National Trust Company, the plaintiff.

[2] This court takes judicial notice of its own records in other cases involving Thomason. *See* Fed. R. Evid. 201(b)(2); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts." (citation omitted)).

(1) *Thomason v. One West Bank, FSB, Indy Mac Bank, et al.*, 2:12-cv-604-MHT-WC (*Thomason I*);

(2) *Thomason v. Ocwen Loan Servicing, LLC, et al.*, 2:19-cv-256-ECM-SMD (*Thomason II*);

(3) *Thomas v. Deutsche Bank Nat'l Trust Co.*, 2:20-cv-292-WKW-KFP (*Thomason III*);

(4) *Thomason v. Deutsche Bank Nat'l Trust Co.*, 2:21-cv-650-ECM-SMD (*Thomason IV*);

(5) *Thomason v. Deutsche Bank Nat'l Trust Co.*, 2:22-cv-52-ECM-SMD (*Thomason V*);

(6) *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:23-cv-543-ECM-CWB (*Thomason VI*);

(7) *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:24-cv-517-ECM-SMD (*Thomason VII*);

(8) *Deutsche Bank Nat'l Trust Co. v. Thomason*, 2:25-cv-70-ECM-KFP (*Thomason VIII*).

Upon a review of the complaint and for the reasons below, the undersigned finds that the motion is due to be denied.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

"Let's start at the very beginning, a very good place to start." THE SOUND OF MUSIC (Robert Wise 1965). This case arises from a protracted, highly contentious legal battle between Thomason and Deutsche Bank relating to property at 901 Seibles Road in Montgomery, Alabama (the real property). The facts and procedural history have been extensively documented in each iteration of the litigation, which has spanned over a decade, but no one document presents a full recital of the facts and procedural history up to this point. Therefore, for purposes of clarity and thoroughness in the record, the Court collected the relevant case history in the following recitation. The Court endeavored to move in chronological order within the confines of each *Thomason* case, but due to Thomason's prolific filing, there is overlap between the cases and surrounding events such

that an event may be recited in one *Thomason* case that occurs simultaneously in another *Thomason* case.

### A. Pre-Filing History

On November 28, 2005, Thomason's wife individually borrowed $78,375 pursuant to two promissory notes to purchase a home at 901 Seibles Road. *Thomason I*, Doc. 205 at 2–3. To secure the promissory notes, Thomason and his wife signed two mortgages to Mortgage Electronic Registration Systems, Inc. (MERS), encumbering the real property. *Id.* Doc. 205 at 3. Payment on the promissory notes and mortgage subsequently fell into various degrees of default. *Id.* Doc. 205 at 3. In October 2009, Thomason's wife succumbed to breast cancer. *Id.* Doc. 205 at 4. About a year after her death, payments on the promissory notes ceased. *Id.* Doc. 205 at 4.

On February 2, 2011, MERS sold and assigned one mortgage to Deutsche Bank. *Thomason III*, Doc. 26 at 5. In March 2011, Deutsche Bank notified Thomason that it was seeking a nonjudicial foreclosure pursuant to the mortgage. *Id.* Doc. 26 at 6. Thomason sought bankruptcy protection to avoid foreclosure, but the case was dismissed in late 2011. *Id.* Doc. 26 at 6. Deutsche Bank thereafter informed Thomason that a foreclosure sale was scheduled for March 27, 2012, and on March 26, 2012, Thomason filed another bankruptcy petition that was later dismissed. *Id.* Doc. 26 at 6–7. The foreclosure sale was scheduled for July 12, 2012, and then was postponed, likely because Thomason commenced *Thomason I* on July 11, 2012. *Id.* Doc. 26 at 7.

### B. *Thomason I*

On July 11, 2012, Thomason filed a federal lawsuit in this Court concerning the real property at 901 Seibles Road. The Court construed his claims to be that "the Defendant bank (1) failed to modify Thomason's wife's loan under [the Home Affordable Modification Program (HAMP)]; (2) failed to permit him to sell his property via a short sale under [the Home Affordable Foreclosure Alternatives Program (HAFA)]; and (3) violated [the Real Estate Settlement Procedures Act (RESPA)]." *Thomason I*, Doc. 15 at 2. A defendant moved to dismiss. *Id.* Doc. 6. A Scheduling Conference and Oral Argument on the Motion to Dismiss was scheduled before a Magistrate Judge, and in the order the Court cautioned Thomason that if he failed to appear, the Court would treat his failure to appear as an abandonment of his claims and the Magistrate Judge would recommend the case be dismissed. *Id.* Doc. 9. The Scheduling Conference and Oral Argument was continued pursuant to Thomas's motion to continue, and the order to reschedule again included the cautionary language. *Id.* Doc. 12. Thomason did not appear for the hearing. *Id.* Doc. 15 at 2. Because Thomason did not appear, and because the Magistrate Judge independently determined that the complaint failed to state a claim upon which relief could be granted, the Magistrate Judge recommended dismissal. *Id.* Doc. 15.

Thomason then filed two motions to amend his complaint to add claims and defendants. *Id.* Docs. 17, 23. The Magistrate Judge entered a supplemental report and recommendation explaining that because the motions to amend did not appear to amend the complaint, they should be denied as moot. *Id.* Doc. 27. On March 28, 2013, United States District Judge Thompson agreed with the Magistrate Judge and dismissed the

lawsuit. *Id.* Docs. 30, 31. Thomason appealed the dismissal and denial of his motion to amend to the Eleventh Circuit. *Id.* Doc. 32.

In a letter dated August 8, 2013, Deutsche Bank notified Thomason that a foreclosure sale was scheduled for September 10, 2013, but the sale did not happen. *Thomason III*, Doc. 26 at 7. On November 1, 2013, servicing of the promissory notes transferred to Ocwen Loan Servicing, LLC.[3] *Thomason I*, Doc. 205 at 5.

On December 16, 2014, the Eleventh Circuit entered a per curiam opinion affirming the dismissal of Thomason's complaint but reversing the denial of his motion to amend. *Thomason v. OneWest Bank, FSB*, 596 F. App'x 736 (11th Cir. 2014) (per curiam); *Thomason I*, Doc. 42. The Eleventh Circuit remanded the case with instructions to allow Thomason "to amend his RESPA claim and address the proposed new claims and defendants." *OneWest Bank, FSB*, 596 F. App'x at 741; *Thomason I*, Doc. 42 at 12.

Judge Thompson ordered Thomason to file an amended complaint that clearly stated the factual allegations which supported his claims brought under RESPA, Federal Debt Collection Practices Act (FDCPA), Truth in Lending Act (TILA), Fair Housing Act (FHA), and Alabama Deceptive Trade Practices Act (ADTPA), and add any new defendants. *Thomason I*, Doc. 44. After some delay, Thomason filed an amended complaint, but the Court required him to file another amended complaint that set forth a more definite comprehensible statement of the case. *Id.* Doc. 78; *see also id.* Doc. 205 at 7. The Court also referred Thomason to the Pro Se Assistance Program for aid in drafting an amended

---

[3] A named defendant in the complaint under review.

complaint that complied with the Court's orders and the Federal Rules of Civil Procedure. *Thomason I*, Docs. 76, 79; *see also id.* Doc. 205 at 7.

On June 10, 2016, Thomason filed his (construed) amended complaint adding defendants (including Ocwen and Deutsche Bank) and alleging a number of violations under several statutes: the Equal Credit Opportunity Act (ECOA); 42 U.S.C. §§ 1981, 1982; RESPA; FHA; FDCPA; RICO Conspiracy; and ADTPA. *Thomason I*, Doc. 89; *see also id.* Doc. 108 at 4. Notably, there was no claim for a violation of TILA, so the claim was declared abandoned. *Thomason I*, Doc. 108 at 4 n.2.

Judge Thompson dismissed the claims under ECOA, FDCPA, RICO, and ADTPA and partially dismissed the FHA claim. *Thomason I*, Docs. 112, 113; *see also id.* Doc. 205 at 8. He allowed the RESPA claim, racial discrimination under §§ 1981 and 1982 claim, and part of the FHA claim to go forward. *Thomason I*, Docs. 112, 113; *see also id.* Doc. 205 at 8. The parties thereafter engaged in discovery, though Thomason's discovery engagement amounted to a set of requests for admission to the defendants. *Thomason I*, Doc. 205 at 9. The defendants and Thomason filed motions for summary judgment. *Id.* Doc. 205 at 1–2. On March 26, 2018, Judge Thompson granted the defendants' motions for summary judgment and denied Thomason's motion for summary judgment. *Id.* Doc 214. Thomason appealed to the Eleventh Circuit. *Id.* Doc. 220.

In a letter dated June 28, 2018, Deutsche Bank informed Thomason that a foreclosure sale was scheduled for July 31, 2018. *Thomason III*, Doc. 26 at 7–8. Likely because of the commencement of *Thomason II*, the foreclosure sale was postponed to

November 20, 2018, then again to January 8, 2019, though it did not take place on January 8, 2019. *Id.* Doc. 26 at 8.

Thomason's appeal to the Eleventh Circuit was dismissed on November 15, 2018, for want of prosecution because Thomason failed to pay the filing and docketing fees.[4] *Thomason I*, Doc. 234. Thomason thereafter filed a "Motion for Relief from Final Judgment under Rule 60(b)(6) & Temporary Injunction is Requested to Stop Illegal Foreclosure of Thomason's Homestead." *Id.* Doc. 235. The Magistrate Judge recommended denying the motion because "the Court does not read [Thomason's] motion—as confusing as it is—to supply any facts or argument which could satisfy the 'extraordinary circumstances' standard." *Id.* Doc. 241 (quoting *Rease v. AT&T Corp.*, 239 F. App'x 481, 483 (11th Cir. 2007)).

On May 20, 2019, Judge Thompson adopted the recommendation of the Magistrate Judge, denied Thomason's motion, and declared that the "case remains closed." *Id.* Doc. 243. Thomason's petition for writ of certiorari to the United States Supreme Court was denied. *Id.* Doc. 242.

## C. *Thomason II*

On July 31, 2018,[5] Thomason filed a complaint in Montgomery County Circuit Court against, inter alia, Ocwen and Deutsche Bank. *Thomason II*, Doc. 1-1. He sought to stop defendants from foreclosing on his residence, again asserting claims related to the loan

---

[4] Judge Thompson denied Thomason's motion for leave to appeal in forma pauperis because the appeal was not taken in good faith; it was frivolous because it was without legal or factual basis. *Thomason I*, Doc. 223.
[5] The date scheduled for a foreclosure sale.

and default on the real property. *Id.* Doc. 1-1. In March 2019, the defendants moved to dismiss arguing that Thomason's claims were barred by the doctrine of res judicata because there was already a prior, final judgment on the identical matter in this Court. *Id.* Doc. 14 at 3–4.

On April 8, 2019, the case was removed to this Court because the Federal Deposit Insurance Corporation (FDIC)[6] was appointed as receiver for one of the defendants. *Id.* Doc. 1. Thomason moved to remand, arguing that the FDIC was a "nominal defendant" and therefore not authorized to remove the case to federal court. *Id.* Doc. 4 at 3; *see also id.* Doc. 14 at 4. The Magistrate Judge determined that both *Thomason I* and the case before him arose out of the same nucleus of operative fact for purposes of res judicata—the circumstances surrounding Thomason's acquisition of two mortgages and his subsequent default on those mortgages—and that in both cases, Thomason's claim arose from the same alleged misconduct of defendants—that they mishandled his loan modification application. *Thomason II*, Doc. 14 at 7. Accordingly, the Magistrate Judge recommended that Thomason's motion to remand be denied and that the defendants' motions to dismiss be granted. *Id.* Doc. 14 at 8. Following the report and recommendation, Thomason filed a "Motion to Amend Complaint & Motion to Remand the Amended Foreclosure Complaint & Lawsuit Back to the State of Alabama Circuit Court Under State Laws Raised Only; No Federal Jurisdiction." *Id.* Doc. 15. In this amended complaint, Thomason removed the FDIC as a defendant. *Id.* Doc. 15 at 1.

---

[6] A named party in the complaint under review.

On August 21, 2019, United States Chief District Judge Marks denied the motion to amend because it simply restated the claims presented in the original complaint and the recommendation effectively addressed the claims and concluded that they were barred by res judicata. *Id.* Doc. 20. Judge Marks adopted the recommendation of the Magistrate Judge, granted the defendants' motions to dismiss, and dismissed the case with prejudice. *Id.* Doc. 20.

Thomason filed a notice of appeal with the Eleventh Circuit, but it was dismissed for want of prosecution because Thomason failed to pay the filing and docketing fees.[7] *Id.* Doc. 28. Thomason then filed a "Motion Under Rule 60 B(4) to Set Aside As Judgment is Void." *Id.* Doc. 29. Judge Marks denied this motion and denied Thomason's subsequent motion for reconsideration on June 9, 2020. *Id.* Docs. 30, 31, 32.

**D. *Thomason III***

In a letter dated March 18, 2020, Deutsche Bank notified Thomason that a foreclosure sale was scheduled for April 21, 2020. *Thomason III*, Doc. 26 at 8. The sale was postponed, likely because on April 14, 2020, Thomason filed a complaint against Deutsche Bank in Montgomery County Circuit Court claiming that Deutsche Bank illegally foreclosed on the real property. *Id.* Doc. 1-1; *see also id.* Doc. 26 at 8. Deutsche Bank removed the case to this Court on April 30, 2020.[8] *Thomason III*, Doc. 1. Deutsche Bank then filed a motion for more definite statement, requesting an amended complaint

---

[7] Judge Marks denied his motion to proceed on appeal in forma pauperis because she determined that the appeal was not taken in good faith. *Thomason II*, Doc. 25.

[8] Although Thomason filed the state court action pro se, Attorney K. David Sawyer represented Thomason in the *Thomason III* litigation in this Court.

that cured Thomason's shotgun pleading defects. *Id.* Doc. 5. Following a hearing, Thomason filed an amended complaint which included a request for a preliminary injunction to prevent the foreclosure due to statute of limitations. *Id.* Doc. 9. Deutsche Bank then moved to dismiss for failure to state a claim. *Id.* Doc. 13. The embedded motion for a preliminary injunction was denied because United States District Judge Brasher determined that Thomason could not establish a substantial likelihood of success on the merits and additional delays in the foreclosure sale would not serve the public interest. *Id.* Doc. 21. Judge Brasher explained that Thomason "has had his day in court and then had two more"; he has "forced numerous financial institutions to litigate the same matter for nearly a decade trying to recoup what they lent him. The public interest is not served by delaying the foreclosure any longer." *Id.* Doc. 21 at 7.

On April 12, 2021, Judge Brasher granted the motion to dismiss because the claims were barred by res judicata and the claims failed scrutiny under Federal Rule of Civil Procedure 12(b)(6), i.e., they failed to state a claim. *Id.* Doc. 26. He explained that "[w]hile the legal theories have evolved, little by the way of facts has changed during the years of litigation. The legal theories in *Thomason I*, *Thomason II*, and [*Thomason III*] arise out of the same 'operative nucleus of fact.'" *Id.* Doc. 26 at 17–18 (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)). Judge Brasher dismissed the case with prejudice. *Id.* Doc. 26. Thomason appealed to the Eleventh Circuit and paid the filing fee. *Id.* Docs. 28, 29.[9]

---

[9] Thomason's appeal was initially dismissed for failure to prosecute because he did not file a timely appendix. *Thomason III*, Doc. 33. The appeal was then reinstated on January 28, 2022. *Id.* Doc. 34.

At some indeterminate time, Deutsche Bank informed Thomason that foreclosure was scheduled for August 18, 2021. *Thomason IV*, Doc. 29 at 2. On September 29, 2021, Deutsche Bank conducted a foreclosure sale where it was the highest bidder. *Thomason VI*, Doc. 1-1 at 3. On October 2, 2021, Deutsche Bank recorded a foreclosure deed to the property. *Id.* Doc. 1-1 at 3.

On September 19, 2022, the Eleventh Circuit held that the district court did not err in dismissing Thomason's complaint based on res judicata. *Thomason v. Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *2 (11th Cir. Sept. 19, 2022) (per curiam); *Thomason III*, Doc. 35 at 4. Thomason had argued to the Circuit that "res judicata did not apply because (1) no court had addressed Deutsche Bank's 2018 attempted foreclosure of the Property; (2) the district court in *Thomason II* improperly denied his claim, and (3) the bank's foreclosure was prohibited under the Servicemembers Civil Relief Act[10] because he transferred title to his daughter who was called to active military duty in 2018." *Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *2; *Thomason III*, Doc. 35 at 7. The Eleventh Circuit explained that "the causes of action were functionally the same because they arose from the same factual nucleus—all involved the same mortgages and subsequent default." *Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *2; *Thomason III*, Doc. 35 at 8. Additionally, the Eleventh Circuit stated that even if they were to assume that res judicata did not apply, they "would affirm the district court's conclusion that Thomason's complaint

---

[10] Thomason makes an argument about this Act in his complaint under review. Concerning his argument before the Circuit, the Eleventh Circuit held that the district court "did not err in declining to consider Thomason's Servicemembers Civil Relief Act claim, because he could not amend his complaint via a response to Deutsche Bank's motion to dismiss." *Thomason v. Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *3 (11th Cir. Sept. 19, 2022); *Thomason III*, Doc. 35 at 9.

failed to state a claim upon which relief could be granted." *Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *3, n.1; *Thomason III*, Doc. 35 at 9 n.1. Finally, the Eleventh Circuit dismissed as moot Thomason's request for an injunction pending appeal preventing Deutsche Bank from foreclosing on the property, explaining that the property was sold in September 2021 following a foreclosure. *Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *2; *Thomason III*, Doc. 35 at 4.

### E.  *Thomason IV*

On August 18, 2021,[11] Thomason filed a complaint in Montgomery County Circuit Court requesting a preliminary injunction and a permanent injunction to prevent foreclosure, as well as a state-law claim of wantonness. *Thomason IV*, Doc. 1-1 at 1–12. On September 30, 2021, Deutsche Bank removed to this Court on the basis of diversity jurisdiction. *Id.* Doc. 1. Deutsche Bank then filed a motion to dismiss (*Id.* Doc. 5), and Thomason filed two motions to remand arguing that the amount in controversy was not met (*Id.* Docs. 7, 9). The Court determined that Deutsche Bank had not met its burden to establish diversity jurisdiction because the notice of removal did not sufficiently provide Thomason's citizenship. *Id.* Doc. 16. Accordingly, the Court allowed Deutsche Bank to cure the defective allegations of citizenship and submit additional evidence on the diversity issue. *Id.* Doc. 16 at 4. Deutsche Bank then moved for jurisdictional discovery, which the Court granted. *Id.* Docs. 18, 19. Thomason did not engage in jurisdictional discovery until the Court granted Deutsche Bank's motion to compel and warned Thomason that failure to

---

[11] The date a foreclosure sale was scheduled.

engage would result in the Court assuming that he was answering in the affirmative to all discovery requests and that he may be subject to sanctions. *Id.* Doc. 29 at 3. Thomason then filed "Plaintiff Responds to Diversity Order and Gives Notice to Amend Complaint by Adding Attorney's By Name." *Id.* Doc. 27.

On June 15, 2022, the Magistrate Judge recommended that the motions to remand be denied. *Id.* Doc. 29. The Magistrate Judge further explained that Thomason's jurisdictional discovery response appeared to include a motion to amend his complaint, and that the motion should be denied with leave to refile after it was determined if the Court had subject matter jurisdiction over Thomason's claims. *Id.* Doc. 29 at 3 n.1. Judge Marks adopted the recommendation of the Magistrate Judge and denied Thomason's motions to remand. *Id.* Doc. 33.

On July 22, 2022, Thomason filed a voluntary dismissal under Federal Rule of Civil Procedure 41(a) because he believed he would suffer hardship by continuing in federal court because he was not allowed to file an amended complaint. *Id.* Doc. 34. Accordingly, the case was dismissed on August 1, 2022. *Id.* Doc. 35.

**F.  *Thomason V***

In December 2021, Thomason filed a complaint in state court to set aside the foreclosure and obtain a permanent injunction preventing any future foreclosure attempts. *Thomason V*, Docs. 1, 1-1 at 1–23, 1-4 at 2. Deutsche Bank removed to this Court on January 27, 2022. *Id.* Doc. 1. Deutsche Bank moved to dismiss (*Id.* Doc. 5), and Thomason moved to remand for lack of jurisdiction (*Id.* Doc. 11). On September 21, 2022, the Court found it had subject matter jurisdiction, that the claims were barred by res judicata, denied

Thomason's motion to remand, and granted Deutsche Bank's motion to dismiss. *Id.* Doc. 22.

Importantly, the Court found that Thomason had become an abusive and vexatious litigant. *Id.* Doc. 22 at 18–19. "In order to prevent him from continuing to impair this Court's function and harass Deutsche Bank and others, the Court enjoin[ed] Thomason from filing, in this Court, future suits against Deutsche Bank or other individuals and/or entities with whom Thomason claim[ed] to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure." *Id.* Doc. 22 at 19. The Court warned Thomason that any future cases pertaining to the real property that are removed to this Court could summarily be dismissed. *Id.* Doc. 22 at 19. The case was dismissed with prejudice. *Id.* Doc. 22 at 20. Thomason did not appeal.

### G. *Thomason VI*

On June 16, 2023, Deutsche Bank filed a state court ejectment action against Thomason because Thomason and the residents refused to vacate the property. *Thomason VI*, Doc. 1-1. On August 30, 2023, non-party Bre Thomason (Thomason's daughter) filed a motion to stay the proceedings on the grounds that she was on active-duty status. *Id.* Doc. 19 at 2. Bre Thomason also filed a motion to intervene. *Id.* Doc. 19 at 2. The state court set a hearing for the motions for September 6, 2023. *Id.* Doc. 19 at 2. On September 7, 2023, the state court entered an order reflecting that neither Thomason nor Bre Thomason appeared and that their motions were denied. *Id.* Doc. 19 at 3.

Thomason removed the case to this Court on September 13, 2023, simultaneously alleging a "Counter Claim/Complaint." *Id.* Doc. 1. Deutsche Bank moved to remand

arguing that the removal was untimely, Thomason was enjoined from filing such a suit in federal court, federal subject matter jurisdiction was lacking, and Thomason failed to submit a proper disclosure form. *Id.* Doc. 4.

The Magistrate Judge recommended remand because removal was not timely. *Id.* Doc. 16. On November 28, 2023, Judge Marks adopted the recommendation and remanded the case. *Id.* Doc. 19. Thomason's motion for reconsideration was denied. *Id.* Doc. 21.

### H. *Thomason VII*

Upon remand, Deutsche Bank filed motions for summary judgment, declaratory judgment, and injunctive relief in state court. *Thomason VII*, Doc. 14 at 2. On August 13, 2024, before the state court could dispose of the motions, Thomason and his daughters again removed the case to this Court, again alleging a counterclaim. *Id.* Doc. 1; *see also id.* at Doc. 14 at 2. Thomason argued that the removal was timely because it was filed within 30 days after filing a counter claim against the FDIC and that removal was proper under the Federal Officer Removal Statute, the Equal Civil Rights Statute, and Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1819 (FIRREA). *Thomason VII*, Doc. 1; *see also id.* Doc. 14 at 3–4. Deutsche Bank moved to remand. *Thomason VII*, Doc. 4.

The Magistrate Judge recommended that the motion to remand be granted. *Id.* Doc. 14. Preliminarily, the Magistrate Judge determined that the removal violated the Court's injunction against Thomason because the "counterclaim attacks the foreclosure of the [real] property by requesting that the Court dismiss with prejudice the current state court foreclosure action and ejectment complaint." *Id.* Doc. 14 at 5. Such action "unequivocally

violates this Court's injunction against him." *Id.* Doc. 14 at 4. The Magistrate Judge stated that "[f]or this reason alone, the complaint should be summarily remanded." *Id.* Doc. 14 at 4. Nonetheless, the Magistrate Judge provided three other independent reasons for remand. First, removal was not timely because more than 30 days had passed since Thomason was served, and no other event occurred which would trigger removal. *Id.* Doc. 14 at 5–6. Second, removal was not proper based on Thomason's daughter's allegations because a nonparty may not remove a case. *Id.* Doc. 14 at 6–7. Third, the removal was not proper based on the counterclaim against the FDIC because a counterclaim cannot supply a basis for removal, so the case could not be removed under FIRREA. *Id.* Doc. 14 at 7–8.

Thomason, through his newly appeared attorney K. David Sawyer, objected to the report and recommendation. *Id.* Doc. 18. Importantly, these objections did not challenge the preclusive nature of the injunction or the untimeliness of the removal. *Id.* Doc. 18.

On December 3, 2024, Judge Marks overruled the objections, adopted the recommendation, and granted the motion to remand. *Id.* Doc. 20. Thomason's motion for reconsideration was denied. *Id.* Doc. 22. On December 4, 2024, Thomason filed a notice of appeal to the Eleventh Circuit, which is still pending *Id.* Doc. 23.

On December 5, 2024, the Court sua sponte ordered Sawyer to show cause why he should not be sanctioned for filing written submissions with no legal or factual basis and which violated an injunction previously issued by the Court. *Id.* Doc. 27. Deutsche Bank subsequently filed a motion for sanctions/contempt against Thomason. *Id.* Doc. 42.

On January 24, 2025, the Court again declared Thomason a vexatious litigant after Thomason filed *Thomason VIII*—which constituted a third removal of the same ejectment

action—on January 23, 2025. *Id.* Doc. 43. The Court added a pre-filing screen requirement to the existing injunction, explaining that Thomason is enjoined from "filing in this Court, or removing to this Court, any suit against Deutsche Bank or other individuals and/or entities with whom Thomason claims to be aggrieved pertaining to the real property, its mortgage, and/or its foreclosure . . . without first obtaining the prior written approval of a Magistrate Judge of this Court[.]"[12] *Id.* Doc. 43 at 3.

On February 4, 2025, Judge Marks held a hearing on whether sanctions against Sawyer and Thomason were appropriate, and on February 19, 2025, Judge Marks entered orders explaining that sanctions against both Sawyer and Thomason were appropriate. *Id.* Docs. 47, 48. Sawyer's filing of objections to the Magistrate Judge's recommendation and the motion to reconsider warranted a sanction of a formal reprimand because he filed them in bad faith and without an objectively reasonable basis. *Id.* Doc. 47 at 14, 21–22. Thomason's third removal of the state court ejectment action in *Thomason VIII* warranted sanctions under Federal Rule of Civil Procedure 11 because it was done "in bad faith, without an objectively reasonable basis, with intentional disregard of this Court's injunction, and with the goals of delaying the state court hearing and harassing Deutsche Bank[.]" *Id.* Doc. 48 at 13.[13]

---

[12] The Court then provided instructions on how to seek prior written approval.
[13] Within 24 hours of the Court's sanctions order, Thomason filed a document moving the Court for, among other things, reconsideration of the sanctions and an evidentiary hearing. *Thomason VII*, Doc. 51.

## I. *Thomason VIII*

On December 12, 2024, the state court set a hearing for January 27, 2025, following Deutsche Bank's Motion to Re-Set Motions for Summary Judgment and Declaratory Judgment for Hearing. *Deutsche Bank Nat'l Tr. Co. v. Thomason, et al.*, Case No. 03-cv-2023-900827.00 (DOCS. 116, 122).

On January 23, 2025, Thomason filed his third removal of the same ejectment action to this Court. Doc. 1. The case was summarily remanded because the Court found that Thomason removed the action in violation of the Court's injunction, in bad faith, and without an objectively reasonable basis. Doc. 2 at 2. "Instead, it appears to the Court that Thomason is attempting to avoid or delay a hearing scheduled in Montgomery Circuit Court on January 27, 2025, and to further avoid or delay a resolution of the state court action." *Id.* Thomason filed a notice of appeal to the Eleventh Circuit and paid the filing fee. Docs. 4, 13. Thomason also filed a "Motion to Reconsider; Motion for Hearing on Injunction; Motion for Recusal Possible Conflicts." Doc. 3. The Court denied his motion to reconsider. Doc. 7.

The state court hearing on Deutsche Bank's potentially dispositive motions was held on January 27, 2025, and Thomason did not appear. *Deutsche Bank Nat'l Tr. Co. v. Thomason*, Case No. 03-CV-2023-900827.00 (DOC. 149).

On February 5, 2025, Thomason filed the instant motion for prior written approval, attempting to create a *Thomason IX*. Doc. 12.

The state court entered a final order on February 11, 2025 (electronically filed February 17, 2025), finding for Deutsche Bank on summary judgment and declaring

Thomason a vexatious litigant. *Deutsche Bank Nat'l Tr. Co. v. Thomason*, Case No. 03-cv-2023-900827.00 (DOC. 149).

## II.    DISCUSSION

The undersigned has reviewed Thomason's "Motion for Prior Written Approval; Motion for Leave to File Pursuant to Court Order" and finds that it is due to be denied because it unquestionably violates the Court's injunction.

Judge Brasher's admonitions back in *Thomason III* hold true here more than four years later: Thomason has had his day in Court and while his "legal theories have evolved, little by the way of facts has changed during the years of litigation." *Thomason III*, Doc. 26 at 17–18. Thomason is attempting to bring a "Quiet Title Complaint" against the FDIC, Ocwen, and Deutsche Bank. Doc. 12-3 at 2. This complaint is 39 pages long and although it has some trappings of a proper complaint, it is still confusing and hard to decipher what claims he is bringing against which Defendants.[14] This much is pellucidly clear:  the complaint is bringing claims pertaining to the real property and its foreclosure because Thomason alleges that a federal statute of limitations, the Foreclosure Relief Act, and the "Service Member Civil Relief Act" prevent foreclosure of the real property (Doc. 12-3 at 4–5, 15–17, 27–31); that the "Foreclosure & Ejectment complaint" brought by Deutsche Bank is void (Doc. 12-3 at 18); that his structure repairs and equity payments grant him more interest in the property than the entity that bought it at a foreclosure sale (Doc. 12-3

---

[14] Although Thomason is a pro se litigant, by now he should be aware of how to file a proper complaint. Throughout his years of litigation, he has been instructed, many times, by the Court as to his prior pleadings' deficiencies. Yet the filing under review is a garbled jumble of grievances and legal claims.

at 21–23); that he is entitled to the property through adverse possession (Doc. 12-3 at 23–27); and that Deutsche Bank engaged in "foreclosure violations" (Doc. 12-3 at 31–38). Thus, the complaint is bringing claims against Deutsche Bank and other entities with whom Thomason claims to be aggrieved pertaining to the real property and its foreclosure, in direct violation of the Court's injunction. *See Thomason V*, Doc. 22; *Thomason VII*, Doc. 43. Additionally, this Court determined in *Thomason VII* that attacking the foreclosure violates the Court's injunction—and Thomason is attempting to attack the foreclosure again in this latest complaint. Because the complaint violates the Court's injunction, it should not be docketed and instead should be returned to Thomason. *Thomason VII*, Doc. 43 at 4.

Moreover, the Court notes that the complaint may violate Federal Rule of Civil Procedure 11 because it appears to be presented for the improper purpose of causing unnecessary delay. Fed. R. Civ. P. 11(b)(1).[15] After filing his Motion for Prior Written Approval in this Court, Thomason informed the state court (incorrectly) that a quiet title action was pending in the federal district court that would require pausing the ejectment proceedings. *Deutsche Bank Nat'l Tr. Co. v. Thomason*, Case No. 03-CV-2023-900827.00

---

[15] The complaint also contains contradictions to Thomason's previous cases, which may also violate Rule 11. *See F & G Rsch., Inc. v. Google Inc.*, 2007 WL 2774031, at *14 (S.D. Fla. Sept. 21, 2007) ("Indeed, making contradictory arguments 'give[s] rise to an inference that at least one half of each mutually exclusive pairing is a potential violation of Rule 11(b)(2).'" (alteration in original) (quoting *HD Brous & Co. v. Mrzyglocki*, 2004 WL 376555, at *14 (S.D.N.Y.2004))). For example, Thomason alleges undetermined claims against the FDIC, an entity he previously claimed was a "nominal defendant" and attempted to remove from litigation through an amended complaint. *Thomason II*, Doc. 4 at 3; *Thomason II*, Doc. 15. Thomason also alleges that the promissory note violates the Truth in Lending Act (Doc. 12-3 at 6–12), but this cause of action was previously considered waived in *Thomason I* because Thomason did not assert it in his operative amended complaint (*Thomason I*, Doc. 108 at 4 n.2.).

(DOC. 145). Such a filing highlights that the complaint is intended to cause delay in the state court proceedings. Filing cases (or removing cases) to delay litigation is not an unknown tactic to Thomason. He filed *Thomason I* one day before a scheduled foreclosure sale; he filed *Thomason II* on the day of a scheduled foreclosure sale; *Thomason III* was filed seven days before a scheduled foreclosure sale; *Thomason IV* was filed the day of a scheduled foreclosure sale; and *Thomason VII* was removed after Deutsche Bank filed motions for summary judgment, declaratory judgment, and injunctive relief. After *Thomason VII* was remanded and the state court set a hearing on Deutsche Bank's potentially dispositive motions, Thomason removed to federal court for the third time (*Thomason VIII*)—despite an injunction and a previous remand of the case because it violated the injunction. The district court determined in its order for sanctions that this third removal "was a calculated effort to avoid the state court hearing, further delay the proceedings, [and] harass Deutsche Bank," in violation of Rule 11. *Thomason VII*, Doc. 48 at 14, 18. It stands to reason that if Thomason knowingly chose to remove the state court action a third time despite an injunction for purposes of delaying state court proceedings, that the filing of this motion was also done to delay any further proceedings in state court.

The characterization of this request for leave to proceed in federal court as an impermissible delay tactic is underscored by Thomason's previous filings where he desperately attempted to stay out of federal court. In *Thomason II* he tried to remove the FDIC (who is now a named defendant in the complaint) to destroy federal jurisdiction; in *Thomason IV* he voluntarily dismissed the case because he "would suffer hardship from continuing the suit in Federal Court" (*Thomason IV*, Doc. 34 at 1); and in both *Thomason*

*V* and *Thomason IV* he filed motions to remand. The extensive procedural history shows that Thomason is no stranger to employing delay tactics to evade lawful removal from the real property, and this current litigation request is no different.

Accordingly, because the complaint violates the Court's injunction and appears to violate Rule 11, the undersigned finds that *Thomason IX* will not have its day in court. This is the end.

## III.    CONCLUSION

For the reasons stated above, it is ORDERED that the Motion for Prior Written Approval; Motion for Leave to File Pursuant to Court Order (Doc. 12) is DENIED.

The Clerk of the Court is DIRECTED to mail a copy of this Order to the Defendant Steven Clayton Thomason at the following address: 901 Seibles Road, Montgomery, AL 36116.

Done this 20th day of February, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE